J-S04033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID FITZGERALD, | : | |
| | : | |
| Appellant | : | No. 410 WDA 2015 |

Appeal from the PCRA Order February 24, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009654-2008

BEFORE:   BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED FEBRUARY 11, 2016**

David Fitzgerald (Appellant) appeals from the February 24, 2015 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2009, following attempted-homicide convictions, Appellant was sentenced to two concurrent terms of 10 to 20 years of imprisonment.  This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 2011 after our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Fitzgerald***, 24 A.3d 467 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 25 A.3d 327 (Pa. 2011).

Appellant's first, timely-filed PCRA petition resulted in no relief.  Appellant filed the petition that is the subject of the instant appeal on August

*Retired Senior Judge assigned to the Superior Court.

20, 2013.[1]  Therein, he claimed that he is entitled to relief in the form of resentencing because his sentence is illegal under ***Alleyne v. United States***, --- U.S. ---, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury).  Amended PCRA Petition, 12/8/2014, at 3.  ***See also*** Motion for Post Conviction Collateral Relief, 8/20/2013, attached Memorandum of Fact and Law at 4 (same).

The PCRA court issued notice of its intent to dismiss the petition as untimely filed without a hearing, to which Appellant filed a response in opposition.  On February 24, 2014, the PCRA court entered an order dismissing Appellant's petition.  Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.  On appeal, Appellant claims, *inter alia*, that his petition was timely filed under 42 Pa.C.S. § 9545(b)(1)(iii).  Appellant's Brief at 3.

The timeliness of a post-conviction petition is jurisdictional.  ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has

---

[1] This petition was stayed until the appeal from the dismissal of his first PCRA petition was concluded in 2014.

jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

It is clear that Appellant's 2013 petition is facially untimely: his judgment of sentence became final in 2011. However, Appellant alleges that his petition satisfies the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Appellant's argument is unavailing. As this Court has explained,

> [e]ven assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar.

**Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).

- 3 -

Accordingly, Appellant failed to establish the applicability of a timeliness exception, and the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/11/2016